UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Xing F. Wang, 3W Consulting Company, and Kathleen P. Lee<br><br>    Plaintiffs,<br><br>    v.<br><br>The United States of America, Berkshire Bank, Citizens Bank, N.A., Santander Bank, N.A., Nitin Mhatre, Seth Grossman, Robert Marchand, Bruce Van Suan, and Timothy Wennes,<br><br>    Defendants. | No. 4:23-cv-40055-MRG |

**GUZMAN, D.J.**

### MEMORANDUM AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT [ECF NO. 58] *SUA SPONTE*

**I. Introduction**

*Pro se* plaintiffs Xing F. Wang, 3W Consulting Company, and Kathleen Lee (the "Plaintiffs")[1] bring this action against the United States of America, two Internal Revenue Service ("IRS") employees, three financial institutions, and the three chief executives of those financial institutions. Although this Court gave Plaintiffs a chance to amend their initial complaint and provided clear guidance for how to reform their pleading, [ECF No. 53], Plaintiffs have presented

---

[1] As Defendant Santander Bank and Defendant Wennes rightly pointed out [ECF No. 64 at 6-7], Plaintiff Wang, who does not appear to be an attorney, cannot represent 3W Consulting Company. See e.g., In re Las Colinas Development Corp., 585 F.2d 7, 13 (1st Cir. 1978) ("[o]ne of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal, or unconstitutional in this requirement.")

1

this Court with an Amended Complaint [ECF No. 58] that fails to comply with the Court's order, and whose chief legal argument is nonsensical. To the extent that the Amended Complaint contains a discernable theory of the case, it is nothing more than an attempt to challenge the legitimacy of certain tax levies that the IRS imposed in the wake of a ruling by the United States Tax Court that was affirmed by the United States Court of Appeal for the First Circuit. Specifically, Plaintiffs argue that because the First Circuit's two sentence decision affirming the Tax Court's ruling did not specifically list the amount of Plaintiffs' tax deficiencies, they somehow do not owe any taxes and have therefore had their assets wrongfully seized.

For the reasons stated below, the Court finds Plaintiffs' case patently frivolous and therefore dismisses it with prejudice *sua sponte*.

## II. Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the cause of action will not do.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). When a party alleges fraud, they "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Under this heightened pleading requirement, a complaint must state "the who, what, where, and when" of the alleged deception. Cline v. Burke, 682 F. Supp. 3d 125, 132-33 (D. Mass. 2023).

While this Court must construe documents filed *pro se* liberally and in favor of the drafter, see e.g., Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (stating the rule that "*pro se* pleadings are to be liberally construed, in favor of the *pro se* party"), federal district courts have the inherent authority and necessary power to dismiss frivolous actions. See e.g., Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985) ("[w]e

long ago recognized 'the inherent and necessary power of courts of general jurisdiction to protect members of the public from vexatious suits through an exercise of the right to dismiss frivolous proceedings…'") (citing O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904)).  Courts may also dismiss a complaint *sua sponte* for failure to state a claim.  See e.g., Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

**III.    Screening of the Amended Complaint**

Plaintiffs have paid the filing fee and are therefore not proceeding *in forma pauperis*.  [ECF No. 3].  Thus, neither the initial complaint [ECF No. 1] nor the Amended Complaint [ECF No. 58] were not subject to screening under 28 U.S.C. § 1915(e)(2).  However, it is well-settled that this Court has the inherent authority to *sua sponte* dismiss a frivolous complaint even when a plaintiff has paid the filing fee.  Jeannite v. Amaral, Civil Action No. 23-11978-NMG, 2023 U.S. Dist. LEXIS 200548, at *3 (D. Mass. Nov. 7, 2023) ("a court has the inherent power to dismiss a frivolous complaint, regardless of the status of the filing fee") (citations omitted).  A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**IV.    The Parties**

Plaintiff Xing F. Wang is an inventor who focuses on the cardiovascular basic sciences. [ECF No. 58 at 8].  Plaintiff Wang received a patent for a method of screening that he invented for addressing atherosclerosis-related coronary artery disease or stroke, entitled "Multiparameter Method of Screening for the CVD."  [Id.]   Plaintiff Wang serves as President of Plaintiff 3WC, a sole proprietorship, to conduct his research.  [Id at 17].  Plaintiff Kathleen P. Lee is Mr. Lee's wife who serves as an engineer, possibly for Plaintiff 3WC.  [Id.]

Plaintiffs have named five Defendants: (1) Nitin Mhatre (CEO of Berkshire Bank); (2) Seth Grossman (a Revenue Officer for the Internal Revenue Service ("IRS")); (3) Robert Marchand (a Revenue Agent for the IRS); (4) Bruce Van Suan (CEO of Citizens Bank), and (5) Timothy Wennes (CEO of Santander Bank, N.A.). [ECF No. 1 at 2]. However, as the Defendants have construed the Amended Complaint, the following additional parties should be also considered Defendants: (6) the United States of America; (7) Berkshire Bank; (8) Citizens Bank, N.A., and (9) Santander Bank, N.A. The Court agrees with the Defendants' interpretation.

V.    **Relevant Facts**

In November of 2013, the IRS issued a Notice of Deficiency to Plaintiffs, finding that they owed "$198,517 of federal tax debt including $195,636 of recapture of QTDP grants as federal income taxes and $2,881 of other taxes debt and $39,703 of penalty taxes for 2009 taxable year and $3,445 of federal tax debt for 2010 taxable year." [ECF No. 58 at 19]. In January of 2014, Plaintiffs petitioned the U.S. Tax Court to challenge the Notice of Deficiency. [Id. at 19-20]. The Tax Court ruled against the Plaintiffs and found that they "owed income tax in the amounts of $2,881.00 and $198,597.00 for tax years 2009 and 2010, respectively, as well as a $39,719.40 penalty for tax year 2010." [ECF No. 60-2].

In turn, Plaintiffs appealed the Tax Court's decision to the First Circuit. On October 12, 2018, the First Circuit affirmed the Tax Court's ruling. The First Circuit's decision stated:

> We have reviewed the record and the parties' submissions. For substantially the reasons set out in the U.S. Tax Court's Memorandum Findings of Fact and Opinion dated May 15, 2017, we affirm. Affirmed, 1st Cir. R. 27.0(c).

[ECF No. 60-3].

On December 3, 2018, the First Circuit issued its mandate in the case. [ECF No. 60-4]. The IRS later timely initiated a tax lien against Plaintiff Wang and Plaintiff Lee. As part of this process, "the IRS issued Notices of Levy to Defendants Berkshire Bank, Citizens Bank, and

4

Santander Bank." [ECF No. 62 at 5]. As a result of these notices of levy, the IRS has seized $204,600 of Plaintiffs' assets from Berkshire Bank, $12,540 from Citizens Bank, and $6,341 from Santander Bank. [Id.]

## VI. Plaintiff's Complaint is Frivolous

In the face of this essentially undisputed record, Plaintiffs inexplicably contend that the First Circuit's judgment and mandate did not require them to pay any amount of tax deficiencies. See e.g., [ECF No. 58 at 4 (Plaintiffs arguing that the First Circuit's "judgment and mandate clearly showed 'there was no amount of plaintiffs' federal income tax debt in the judgment and mandate…'")]. As the Santander Defendants[2] have pointed out, the only basis for this argument appears to be that "because the First Circuit's decision did not specifically list the amount of Plaintiffs' tax deficiency, they do not owe any taxes." [ECF No. 80 at 5]. There is simply no doubt that the First Circuit affirmed the decision of the Tax Court, which clearly provided the specific tax deficiencies attributable to Plaintiffs. [ECF No. 60-3]. Moreover, to the extent that the Plaintiff believes that this Court could somehow review or reverse the judgment of the First Circuit, this Court has already told the Plaintiffs in its previous order, [ECF No. 53], that this argument is a non-starter. See e.g., Williams v. Cry, 2006 U.S. Dist. LEXIS 59749, *1 (E.D. Cal. 2006) ("Federal district courts are not appellate courts.") To be clear, this Court does not have the authority to review, reverse or alter the decisions of the First Circuit. Schonarth v. Fox, No. 07-cv-287-JL, 2008 U.S. Dist. LEXIS 18787, at *2 (D.N.H. Mar. 10, 2008) ("U.S. District Courts are not appellate courts; they are courts of primary jurisdiction, and lack jurisdiction to preside over appeals from state courts or any other courts.") Regardless of whether Plaintiffs disagree or are dissatisfied with the First Circuit's decision in their case, their Amended Complaint in this Court "lacks an arguable basis" in *both* law and fact and is thus frivolous. See Neitzke v.

---

[2] The Santander Defendants include Defendant Timothy H. Wennes and Santander Bank.

Williams, 490 U.S. 319, 325 (1989).  Accordingly, the Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**.  See Brockton Sav. Bank, 771 F.2d at 11 n.5.

Further, the Court warns Plaintiffs that, should they continue to file frivolous actions of this nature, they will be subject to sanctions, including filing restrictions.

### VII. Conclusion

For the foregoing reasons, this case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated: February 4, 2025

/s/ Margaret R. Guzman
MARGARET R. GUZMAN
United States District Judge
